**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT A. WHITE, | No. 22-15659 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00941-JJT |
| v. | |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Bank of America Company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted August 15, 2023**
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,*** District Judge.

Robert White appeals the district court's order compelling arbitration and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

dismissing his arbitrable claims against Merrill Lynch, Pierce, Fenner & Smith, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review orders compelling arbitration de novo. *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016). Here, the district court did not err in determining that no material issues of fact existed that would call into question the formation of an arbitration agreement between White and Merrill Lynch. *See Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991) ("Only when there is no genuine issue of fact concerning the formation of the [arbitration] agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." (quoting *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980))). This is true even when White is given "the benefit of all reasonable doubts and inferences." *Id.* (quoting *Par–Knit Mills, Inc.*, 636 F.2d at 54).

White admits that he signed a Margin Account Application on October 29, 2018, and he does not explicitly deny signing a Self-Directed Trust Cash Management Account Application five months earlier on May 29, 2018. The terms of these documents expressly incorporate arbitration clauses found in Merrill Lynch's Margin Agreement and Client Relationship Agreement, respectively, and both applications contain language just above their signature lines confirming that White agreed in advance to arbitrate all claims against Merrill Lynch. White's

insistence that he did not receive a copy of the Margin Agreement or Client Relationship Agreement when he signed his application paperwork is insufficient to show his lack of assent to the terms of those agreements, which were "known or easily available" to White on Merrill Lynch's website. *United Cal. Bank v. Prudential Ins. Co. of Am.*, 681 P.2d 390, 420 (Ariz. Ct. App. 1983) (quoting 17A C.J.S. *Contracts* § 299 at 136 (1963)); *see also Weatherguard Roofing Co. v. D.R. Ward Constr. Co.*, 152 P.3d 1227, 1230 n.7 (Ariz. Ct. App. 2007) ("[P]hysical attachment is unnecessary for incorporation by reference.").[1]

White's contention that Merrill Lynch altered the applications in some way and forged his signature and initials on *other* documents does not change this conclusion. Even with the benefit of all reasonable doubts and inferences in White's favor, there is simply no evidence that White's signature was forged on the relevant applications or that the relevant arbitration language was added to those documents after he signed them.

**AFFIRMED.**

---

[1] The parties agree that Arizona law governs the existence of an arbitration agreement in this case. *See Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014).